UNITED STATES v. SEVEN PACKAGES OF TEA.

(District Court, E. D. New York. November 19, 1903.)

1. SEIZURES—STATUTES—CONSTITUTIONALITY—OBJECTIONS—ESTOPPEL.
    Where certain tea was seized on reimportation, the importer was not estopped to claim that the statute under which the seizure was made was unconstitutional, by reason of the fact that, on a former seizure of the tea on original importation under the same statute, he had given a bond to carry the tea out of the country, and not reimport it.

William J. Youngs, U. S. Atty. (Thomas I. Chatfield and Lloyd M. Howell, Asst. U. S. Attys., of counsel).
James L. Bishop, for claimant.

THOMAS, District Judge. The claimant's teas were seized under a statute which is unconstitutional, as he claims. The government contends that the claimant cannot urge the invalidity of the statute, because, upon a former seizure under the same act, he gave a bond for the payment of money, voidable if he carried the goods out of the country and did not reimport them. The statutes and rules made thereunder provide the machinery and assign the grounds of seizure. Everything was done pursuant to that act, and, if the act was invalid, every step taken by the government was invalid. The

importer did not waive the invalidity of the law. He was subjected to it, compelled by it, and, in the peril of being deprived of his property without due process of law, for the purpose of its destruction, he gave, as the only alternative, the bond which the statute's coercive provisions demanded. The present action is not even on the bond, but to enforce a forfeiture at most, suspended upon a condition subsequent imposed upon an unwilling importer by the terms of the alleged invalid law. It is considered that the statute is valid, but that the claimant is not precluded from questioning its validity, because he was forced to submit to its exactions, or to the loss of his property. It is true that he could have refused to recognize it, and, by affirmative action on his part, sought compensation for the deprivation of it. But a sovereignty that exacts what is beyond its power should not be permitted to plead an estoppel against one who is enforced to bow for a time to an illegal exaction, although he could have defied it from the beginning. Void laws are not validated by measurable obedience to them. The claimant did not voluntarily seek any benefit from the law. The statute placed him in a hazard, and commanded that he should extricate himself therefrom by agreeing to deport his goods, and not to reimport them. In the exigency cast upon him by a law alleged to be void, he, unwilling, was driven to give a bond against reimportation, which, if the law was void, the government had no ability to exact. The bond is for the payment of a sum of money, and is broken by the reimportation of the goods. The importer has broken a condition, not a covenant. Let the government, if it will, pursue a remedy for breach of condition. This it has not done. It seizes anew the goods under the direction of the statute. Hence the parties stand where they did before, each relying upon such authority as the law gives him. The breach of the bond does not validate the law. It does not stipulate that upon the breach the goods may be seized and destroyed. If a person arrested under a void law should give bail pursuant to the compulsory provisions of the law, he would not be estopped from denying the right to punish him under such law in case he were rearrested upon breach of the provisions of his bond. A person cannot be pilloried under a void law, and a bond conditioned for observing specified conduct extorted, and, upon breach of the condition, be lawfully pilloried again, upon the ground that he is estopped by his promise. The only question involved is the constitutionality of the statute. It is held to be valid, but no question of estoppel arises. Hence the claimant is not precluded upon such ground from reviewing the judgment in the Supreme Court in the first instance.

The demurrer is overruled on the grounds stated.